FILED

January 10, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By:_____CR_____
Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. **DR:24-CR-00067-AM** |
| | § | |
| Plaintiff, | § | **INDICTMENT** |
| | § | |
| v. | § | [COUNT ONE: Conspiracy to traffic |
| | § | firearms, 18 U.S.C. § 933(a)(1), (a)(3), and |
| HIPOLITO MEDELLIN-RODRIGUEZ, | § | (b); COUNT TWO: Trafficking Firearms 18 |
| | § | U.S.C. § 933(a)(1) and (b); COUNT |
| Defendant, | § | THREE: Conspiracy to Smuggle Goods |
| | § | from the United States, 18 U.S.C. § 554 & |
| | § | 18 U.S.C. § 371; COUNT FOUR: |
| | § | Smuggling Goods from the United States, 18 |
| | § | U.S.C. § 554.] |

THE GRAND JURY CHARGES:

COUNT ONE
[18 U.S.C. § 933(a)(1), (a)(3), and (b)]

Beginning on a date unknown but no later than December 17, 2023, in the Western District of Texas, Defendant,

HIPOLITO MEDELLIN-RODRIGUEZ,

did knowingly conspire and agree together and with persons known and unknown, to ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

1) a Browning, Model Buck Mark, .22 caliber pistol (S/N: US515YY19735),

2) a Beretta, Model 80X, .380 caliber pistol (S/N: Y009775X),

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient

would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1), (a)(3), and (b).

COUNT TWO
[18 U.S.C. § 933(a)(1) and (b)]

On or about December 17, 2023, in the Western District of Texas, Defendant,

HIPOLITO MEDELLIN-RODRIGUEZ,

did ship, transport, transfer, cause to be transported, and otherwise dispose of one and more firearms, including but not limited to:

1) a Browning, Model Buck Mark, .22 caliber pistol (S/N: US515YY19735),

2) a Beretta, Model 80X, .380 caliber pistol (S/N: Y009775X),

to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, (as defined in section 932(a)) in violation of Title 18, United States Code, Sections 933(a)(1) and (b).

COUNT THREE
[18 U.S.C. § 554 & 371]

At all times relevant to this Indictment:

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq.*

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license.

7. Defendant HIPOLITO MEDELLIN-RODRIGUEZ did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

Beginning on a date unknown but no later than December 17, 2023, in the Western District of Texas, Defendant,

HIPOLITO MEDELLIN-RODRIGUEZ

did intentionally and knowingly combine, conspire, confederate, and agree with other persons known and unknown, to willingly, fraudulently, and knowingly attempt to export, export, and send from the United States, any merchandise, article, and object, to wit:

1) a Browning, Model Buck Mark, .22 caliber pistol (S/N: US515YY19735),

2) a Beretta, Model 80X, .380 caliber pistol (S/N: Y009775X),

which are defense articles as defined under the United States Munitions List, prior to exportation, knowing said merchandise, article, or object to be intended for exportation, contrary to any law or regulation of the United States, in that the defendants had not obtained a license or written authorization for such export, in violation of Title 22, United States Code, Sections 2778(b)(2) & 2778(c) and Title 22, Code of Federal Regulations, Parts 121, 123, & 127, in violation of Title 18, United States Code, Section 554.

## Overt Acts

In furtherance of the conspiracy and to effect the objective of the conspiracy, Defendant and others unknown to the Grand Jury, committed and caused to be committed the following overt acts in the Western District of Texas and elsewhere:

1. At some point during the duration of the conspiracy, Defendant hid the above-mentioned 2 firearms inside of the rear driver side quarter panel of his vehicle. These firearms were hidden because Defendant was going to take the firearms to Mexico and Defendant knew it was illegal to take firearms from the United States to Mexico without having a license or written authorization for such export.

2. At some point during the duration of the conspiracy, Defendant drove his vehicle, which contained the above-mentioned 2 firearms, through the Eagle Pass Port of Entry and Defendant attempted to cross into Mexico via the Eagle Pass Port of Entry, located in Eagle Pass, Texas, in an attempt to smuggle the above-mentioned firearms into Mexico.

**COUNT FOUR**
[18 U.S.C. § 554]

At all times relevant to this Indictment:

1. The Commerce Control List ("CCL"), located at Title 15, Code of Federal Regulations, Section 774, details commodities, software, and technology subject to control by the United States Department of Commerce, Bureau of Industry and Security pursuant to the Export Control Reform Act, Title 50, United States Code, Chapter 58.

2. The CCL is part of the Export Administration Regulations ("EAR"), located at Title 15, Code of Federal Regulations, Section 730 *et seq.*

3. Firearms are designated as controlled items in Section 774, Appendix Supplement Number 1 of the CCL.

4. Ammunition is designated as controlled item in Section 774, Appendix Supplement Number 1 of the CCL.

5. According to Title 15, Code of Federal Regulations, Section 736.2, a person may not export an item subject to the EAR to another country if exporting that item to that country requires a license.

6. Exportation of firearms and ammunition to Mexico requires a license.

7. Defendant HIPOLITO MEDELLIN-RODRIGUEZ did not have a license or any authority to export firearms or ammunition out of the United States to Mexico.

On or about December 17, 2023, in the Western District of Texas, Defendant,

HIPOLITO MEDELLIN-RODRIGUEZ,

knowingly and unlawfully concealed, bought, or facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit:

1) a Browning, Model Buck Mark, .22 caliber pistol (S/N: US515YY19735),

2) a Beretta, Model 80X, .380 caliber pistol (S/N: Y009775X),

which are controlled items as defined in the CCL, and the Defendant had not received a license or authorization for such export, in violation of Title 50, United States Code, Section 4819 and Title 15, Code of Federal Regulations, Sections 774 and 736.2(b)(1), all in violation of Title 18, United States Code, Section 554.

## UNITED STATES OF AMERICA'S NOTICE OF DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]

### I.
### Firearms Violations and Forfeiture Statutes
[Title 18 U.S.C. § 933(a)(1)/(3),
subject to forfeiture pursuant to Title 18 U.S.C. §§ 934(a) and 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).]

As a result of the foregoing criminal violations set forth in Counts One and Two, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 934(a) and 924(d)(1), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 934. Forfeiture and fines**
**(a) Forfeiture.—**
    **(1) In general.** Any person convicted of a violation of section 932 or 933 shall forfeit to the United States, irrespective of any provision of State law—

**(A)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and

**(B)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, except that for any forfeiture of any firearm or ammunition pursuant to this section, section 924(d) shall apply.

**(2) Imposition.** —The court, in imposing sentence on a person convicted of a violation of section 932 or 933, shall order, in addition to any other sentence imposed pursuant to section 932 or 933, that the person forfeit to the United States all property described in paragraph (1).

**Title 18 U.S.C. § 924. Penalties**
**(d)(1)** Any firearm or ammunition involved in or used in . . . any other criminal law of the United States . . . shall be subject to seizure and forfeiture . . .

**II.**
**Smuggling Violations and Forfeiture Statutes**
**[Title 18 U.S.C. § 554,**
**subject to forfeiture pursuant to Title 19 U.S.C. § 1595a(d),**
**made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c).]**

As a result of the foregoing criminal violations set forth in Counts Three and Four, the United States of America gives notice to the Defendant of its intent to seek the forfeiture of the property, including the items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and Title 19 U.S.C. § 1595a(d), made applicable to criminal forfeiture pursuant to Title 28 U.S.C. § 2461(c), which states the following:

**Title 19 U.S.C. § 1595a. Aiding unlawful importation**
**(d) Merchandise exported contrary to law**
Merchandise exported or sent from the United States or attempted to be exported or sent from the United States contrary to law, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation shall be seized and forfeited to the United States.

This Notice of Demand for Forfeiture includes but is not limited to the following.

1. **Browning, Model Buck Mark, .22 caliber pistol, s/n US515YY19735;**
2. **Beretta, Model 80X, .380 caliber pistol, s/n Y009775X; and**
3. **Any related ammunition and firearm accessories.**



A TRUE BILL.

FOREPERSON

JAIME ESPARZA
United States Attorney

By: _____
     JOSHUA JEROME GARLAND
     Assistant United States Attorney